J-A14020-22
J-A14021-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
  :   PENNSYLVANIA
  :
v.   :
  :
  :
  :
THOMAS JOSEPH PARIS   :
  :
Appellant   :   No. 1678 MDA 2021

Appeal from the PCRA Order Entered December 8, 2021
In the Court of Common Pleas of Schuylkill County
Criminal Division at No:  CP-54-CR-0000275-2018


COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
  :   PENNSYLVANIA
  :
v.   :
  :
  :
  :
THOMAS JOSEPH PARIS   :
  :
Appellant   :   No. 1679 MDA 2021

Appeal from the PCRA Order Entered December 8, 2021
In the Court of Common Pleas of Schuylkill County
Criminal Division at No:  CP-54-CR-0000676-2018


BEFORE:   BENDER, P.J.E., STABILE, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STABILE, J.:      **FILED:  SEPTEMBER 14, 2022**

Appellant, Thomas Joseph Paris, appeals from the December 8, 2021 order dismissing his petition pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-46.  We affirm the order and grant counsel's

_____

[*] Former Justice specially assigned to the Superior Court.

petition to withdraw pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

The relevant facts can be summarized as follows. On November 28, 2018, Appellant entered a guilty plea at docket number 275-2018 to theft and was sentenced to imprisonment of not less than one year nor more than two years. The sentence was set to commence at the expiration of the sentence imposed at docket number 676-2018.

On the same day, November 28, 2018, Appellant was sentenced to imprisonment of not less than two years nor more than four years at docket number 676-2018. The original sentencing order erroneously indicated that Appellant had been convicted of attempted robbery, as opposed to burglary. The sentencing order was subsequently amended to reflect that Appellant had been convicted of burglary, not attempted robbery. **See** PCRA Court Opinion, 8/3/2019, at 1-2; **see also** Exhibit E to **Anders** Brief (Trial Court Order, dated March 7, 2019).

On November 4, 2021, Appellant filed the instant (serial) PCRA petition. On November 9, 2021, the PCRA court entered an order appointing counsel for Appellant. After holding a hearing, on December 8, 2021, the PCRA court denied Appellant's November 4, 2021 petition.

Appellant timely filed. Both Appellant and the PCRA court complied with Pa.R.A.P. 1925.

On March 4, 2022, counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967) and *Commonwealth v. McClendon*, 434 A.2d 1185 (1981), *abrogated*, *Commonwealth v. Santiago*, 978 A.2d 349 (Pa. 2009). On March 7, 2022, counsel filed a motion to petition to withdraw as counsel, to which Appellant responded on March 17, 2022.

Before addressing the merits of the claims, we must address counsel's petition to withdraw.

We preliminary note that this is an appeal from the denial of relief under the PCRA. Accordingly, "[a] *Turner/Finley* no merit letter is the appropriate filing. However, because an *Anders* brief provides greater protection to the defendant, we may accept an *Anders* brief in lieu of a *Turner/Finley* letter." *Commonwealth v. Fusselman*, 866 A.2d 1109, 1111 n.3 (Pa. Super. 2004), *appeal denied*, 882 A.2d 477 (Pa. 2005). While an *Anders* brief is acceptable on collateral review even though a no merit letter is the appropriate filing, counsel must adhere to all the *Turner*/*Finley* requirements:

> Counsel petitioning to withdraw from PCRA representation [...] under [*Turner/Finley*] ... must review the case zealously. *Turner/Finley* counsel must then submit a 'no-merit' letter to the trial court, or brief on appeal to this Court, detailing the nature and extent of counsel's diligent review of the case, listing the issues which petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw.
>
> Counsel must also send to the petitioner: (1) a copy of the 'no merit' letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel.

* * *

> [W]here counsel submits a petition and no-merit letter that ... satisfy the technical demands of **Turner/Finley**, the court—trial court or this Court—must then conduct its own review of the merits of the case. If the court agrees with counsel that the claims are without merit, the court will permit counsel to withdraw and deny relief.

**Commonwealth v. Doty**, 48 A.3d 451, 454 (Pa. Super. 2012) (quoting

**Commonwealth v. Wrecks**, 931 A.2d 717, 721 (Pa. Super. 2007)).

The record reflects that counsel filed a petition to withdraw with this Court on March 7, 2022. In compliance with **Turner**/**Finley**, counsel served that petition on Appellant along with a copy of this brief and notified Appellant of his right to proceed *pro se* or with new counsel. Appellant filed a *pro se* response to the no-merit letter on March 17, 2022. We therefore proceed to the merits. **See Doty**, **supra**.

On review, we must determine whether the record supports the PCRA court's findings of fact, and whether its legal conclusions are free of error. **Commonwealth v. Feliciano**, 69 A.3d 1270, 1274-75 (Pa. Super. 2013). We review the PCRA court's legal conclusions *de novo*. **Commonwealth v. Medina**, 92 A.3d 1210, 1215 (Pa. Super. 2014) (*en banc*), **appeal dismissed**, 140 A.3d 675 (Pa. 2016).

- 4 -

Counsel's brief addresses the legality of the sentence.[1] However, counsel failed to address the timeliness of the instant PCRA petition. Neither this Court nor the PCRA court has jurisdiction to address an untimely PCRA petition, even if it involves the legality of the sentence.

All PCRA petitions, "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final" unless an exception to timeliness applies. 42 Pa.C.S.A. § 9545(b)(1). "The PCRA's time restrictions are jurisdictional in nature. Thus, if a PCRA petition is untimely, neither this Court nor the [PCRA] court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims." *Commonwealth v.* (*Frank*) *Chester*, 895 A.2d 520, 522 (Pa. 2006) (internal citations and quotation marks omitted) (overruled on other grounds by *Commonwealth v. Small*, 238 A.3d 1267 (Pa. 2020)). As timeliness is separate and distinct from the merits of Appellant's underlying claims, we first determine whether this PCRA petition is timely filed. *Commonwealth v. Stokes*, 959 A.2d 306, 310 (Pa. 2008). The timeliness requirements of the PCRA petition must be met, even if the underlying claim is a challenge to the legality of the sentence. *See Commonwealth v.*

---

[1] Appellant argues that, as a result of the amendment of the sentencing order at 676-2018, the sentences imposed at 275-2018 and 676-2018 are now illegal because "he has already served his time because [under the original sentencing scheme] his sentences were to be run concurrent." *Anders* Brief at 8. Whether the claim raises a legality issue is irrelevant to the disposition of the instant matter.

*Holmes*, 933 A.2d 57, 60 (Pa. 2007) ("Although legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto") (citing *Commonwealth v. Fahy*, 737 A.2d 214, 223 (Pa. 1999)).

"For purposes of [the PCRA], a judgment [of sentence] becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time seeking the review." 42 Pa.C.S.A. § 9545(b)(3). Here, Appellant was sentenced on November 28, 2018, and did not file a direct appeal.[2] Thus, his judgment of sentence became final 30 days later, on December 28, 2019, and he had one year to file a timely PCRA petition. As such, the instant petition, which was filed on November 4, 2021, is facially untimely, and he was required to plead and prove an exception to the timeliness requirements. Appellant did not attempt to meaningfully plead any timeliness exception in his petition or at any other stage.[3] Accordingly,

_____

[2] There is indication that Appellant attempted to appeal *pro se* the judgment of sentence to the Superior Court. However, we dismissed the direct appeal for failure to file a brief. *See Commonwealth v. Paris*, 33 MDA 2019, 6/27/19 order.

[3] In his PCRA petition, Appellant includes a one-sentence boilerplate allegation for each of the three exceptions to the PCRA time bar. Boilerplate allegations are inadequate to meet Appellant's burden under the PCRA. Additionally, the timeliness of the instant PCRA petition was not addressed at the hearing held before the PCRA court, in Appellant's Rule 1925(b) statement, or in Appellant's brief before us.

he is not entitled to relief.[4]  ***See***, ***e.g.***, ***Commonwealth v. Callahan***, 101 A.3d 118, 123-24 (Pa. Super. 2014) (A court lacks jurisdiction over the merits of an untimely PCRA petition when appellant has failed to plead and prove the applicability of an exception to the timeliness requirement).

Order affirmed.  Petition to withdraw granted.

_____

[4] Even if we were able to reach the merits of the contentions, Appellant would not be entitled to relief.

First, the record belies Appellant's contention that the amendment of the sentencing order at 676-2018 somehow affected the sentencing scheme, which now requires, according to Appellant, the sentences imposed at 275-2018 and 676-2018 to run consecutively, not concurrently.  A review of the orders at issue here does not support Appellant's contention.  As noted, the amendment only affected the proper identification of the count involved in 676-2018, not the sentencing scheme.  ***See generally*** N.T., PCRA Hearing, 12/6/2021.

Second, in his response to counsel's petition to withdraw, Appellant raised two additional issues for our review: plea counsel's "failure to investigate the case and prepare an adequate defense for trial" and plea counsel's "failure to contact and prepare material defense eyewitnesses for trial."  Appellant's Response, 3/17/22, at 4, 5.  While Appellant's response provides an extensive dissertation on ineffective assistance of counsel generally, he fails to apply those standards to his own case.  Indeed, Appellant failed to identify (let alone prove) any of the prongs for ineffectiveness claims.  These issues would therefore, be waived.  ***See Commonwealth v. Spotz***, 896 A.2d 1191, 1250 (Pa. 2006) (boilerplate, underdeveloped claim fails to satisfy burden of establishing entitlement to relief; "Claims of ineffective assistance of counsel are not self-proving[.]").

J-A14020-22
J-A14021-22


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 09/14/2022